# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-00177-SCT

*T.C.B. CONSTRUCTION COMPANY, INC.*

*v.*

*W. C. FORE TRUCKING, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2009 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | WILLIAM F. GOODMAN, JR. LAWRENCE CARY GUNN, JR. |
| ATTORNEYS FOR APPELLEE: | MICHAEL E. COX JAMES KENNETH WETZEL MICHAEL B. WALLACE REBECCA L. HAWKINS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS REVERSED IN PART, RENDERED IN PART, AND REMANDED - 02/28/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     In this breach of contract case, we granted the plaintiff's petition for writ of certiorari

to review the Court of Appeals' decision affirming the trial court's refusal to submit the issue

of punitive damages to the jury. *T.C.B. Constr. Co. v. W.C. Fore Trucking, Inc.*, 2012 WL

2106368 (Miss. Ct. App. June 12, 2012). Finding that the plaintiff presented clear and convincing evidence that the defendant exhibited bad faith in breaching the contract, we reverse the Court of Appeals on this issue, and remand the case to the trial court for a jury to determine what punitive damages, if any, are due.

## Facts and Procedural History

¶2.    In the aftermath of Hurricane Katrina, Harrison County hired W.C. Fore Trucking, Inc. (Fore) to remove debris from the county's rights of way in an area designated as Zone 2. Fore contracted with T.C.B. Construction Company, Inc. (TCB) to perform the removal from a portion of Zone 2. The contract between Fore and TCB was limited to areas in Harrison County north of Highway 53, but also contained an express good-faith clause which stated that the contract "can and will be modified based upon the facts and circumstances of all debris removal."

¶3.    As required by the contract, TCB sent Fore daily reports, known as "work tickets" or "truck tickets," showing the location and amount of removed debris. R.W. Beck & Associates (Beck), an independent auditing firm hired by Harrison County, calculated the cubic yardage and verified the locations listed on TCB's work tickets. TCB also submitted weekly invoices to Fore, and Fore in turn used those invoices to bill the county. Once Beck had audited the invoices and bills, the county approved payment from funds provided by the Federal Emergency Management Agency (FEMA). Fore then gave TCB a percentage of those payments. Under their contract, Fore was to pay TCB $8.90 for every cubic yard of debris removed, out of the $10.64 Fore received from the county.

¶4.    TCB began work on September 19, 2005, and, nine days later, began clearing debris south of Highway 53.  According to the TCB, the work was moved south at the request of W.C. Fore, Fore's principal.  Fore claimed that it did not know that TCB was removing debris from south of the highway until some time in March 2006.  At that time, Fore stopped paying TCB, claiming that any work south of the highway was not contemplated by the contract.  Nevertheless, Fore did not dispute that it had billed the county and was paid in full, for all of the debris removed by TCB.  In total, Harrison County paid Fore approximately $12.3 million for the debris removed by TCB, and Fore paid TCB roughly $3.6 million.

¶5.    TCB sued Fore for breach of contract, claiming it was owed an additional $6,634,436.69 for work performed south of Highway 53.  TCB alleged that, although the written contract specified that TCB would be paid to remove debris north of Highway 53, the contract was orally modified to include removal south of Highway 53.  Fore responded with a counterclaim, alleging that TCB was entitled only to the value of the debris removed north of the highway, and that Fore actually had overpaid TCB for this work in the amount of $520,731.

¶6.    The case proceeded to trial, and, in a special verdict form, the jury found that the contract had been modified to include work south of the highway.  Despite this finding, the amount of damages awarded by the jury did not fully compensate TCB for the work it indisputably had performed.  The jury also found that Fore was entitled to recoup "overpayments."  The result was a $3,577,583.34 net award for TCB, or about half of its alleged damages.  The court awarded TCB prejudgment interest from the date it filed the

3

complaint, but refused to send the issue of punitive damages to the jury.

¶7.     TCB appealed, Fore filed a cross-appeal, and the case was assigned to the Mississippi Court of Appeals.  That court held that, as a matter of law, the contract was modified, Fore breached the contract, and TCB was entitled to the amount it would have received without the breach.  *T.C.B.*, 2012 WL 2106368.  The Court of Appeals reversed the jury's award of damages and rendered judgment in favor of TCB in the full amount of $6,634,436.69, with prejudgment interest from the date of the breach, rather than the date that TCB filed its complaint.  Finally, the Court of Appeals affirmed the trial judge's refusal of TCB's request to submit punitive damages to the jury, finding some evidence that Fore's breach was not malicious.

¶8.     Both TCB and Fore filed petitions for writ of certiorari, with Fore arguing it was not liable for any damages, and TCB arguing that punitive damages should have been submitted to the jury.  Agreeing with the decision of the Court of Appeals to render judgment in favor of TCB for the full amount owed, we denied Fore's petition, but granted TCB's petition to review the punitive damages issue.

**Discussion**

¶9.     An award of punitive damages is an extraordinary remedy, reserved for the most egregious cases, and designed to discourage similar misconduct.  *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (citing *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (Miss.1999)).  In a breach of contract case, the plaintiff "must prove that the breach was the result of an intentional wrong or that a defendant acted maliciously or with reckless

4

disregard of the plaintiff's rights." ***Pursue Energy Corp. v. Abernathy***, 77 So. 3d 1094, 1101 (Miss. 2011) (citing ***Hamilton v. Hopkins***, 834 So. 2d 695, 703 (Miss. 2003)). When punitive damages are sought, and only after compensatory damages have been awarded, the trial judge will hold an evidentiary hearing and make an initial determination whether the jury should pass on the issue. Miss. Code Ann. § 11-1-65(1)(c)-(d) (Supp. 2012). "The jury should be allowed to consider the issue of punitive damages if the trial judge determined under the totality of the circumstances and in light of defendant's aggregate conduct, that a reasonable, hypothetical juror could have identified either malice or gross disregard to the rights of others." ***Paracelsus Health***, 754 So. 2d at 442 (citing ***Wirtz v. Switzer,*** 586 So. 2d 775, 783 (Miss. 1991), *abrogated on other grounds by* ***Upchurch Plumbing, Inc. v. Greenwood Utilities Comm'n***, 964 So. 2d 1100 (Miss. 2007), *and* ***Adams v. U.S. Homecrafters, Inc.***, 744 So. 2d 736 (Miss. 1999)).

¶10.    In the present case, the trial court denied TCB's request to submit punitive damages to the jury. The court based its ruling in large part on the jury's verdict, which had awarded damages to both parties and awarded TCB only half of its requested damages. However, we agree that the Court of Appeals correctly reversed the jury verdict and rendered judgment in favor of TCB, because, as a matter of law, the contract was modified, and the amount of TCB's damages was not questioned. Given that there was no issue of fact for the jury to decide, the jury's verdict could not serve as a roadblock to a consideration of punitive damages by the jury.

¶11.    We find that TCB presented more than sufficient evidence that a reasonable,

5

hypothetical juror could find Fore's conduct in breaching the contract was either malicious or done with a reckless disregard of TCB's rights. ***Pursue Energy***, 77 So. 3d at 1101; ***Paracelsus Health***, 754 So. 2d at 442. In its thorough examination of the facts, the Court of Appeals noted that Fore's defense was based solely on the scope of the written contract and W.C. Fore's denial that he had agreed to a modification. W.C. Fore testified that he was unaware of TCB's work south of Highway 53 because, he said, the ladies in bookkeeping handled all of the invoices. The Court of Appeals correctly held that W.C. Fore's personal knowledge was immaterial to the case, because the corporation never disputed that it lacked knowledge of TCB's work south of Highway 53, and it also did not argue that its employees (i.e., "the ladies in bookkeeping"), were unauthorized to accept TCB's invoices or submit them to the county for payment. It was undisputed that Fore represented to the local government that TCB's invoices were accurate and that it received the full benefit of TCB's work without fully compensating TCB. Moreover, the entire process was overseen by an accounting firm hired by the county, and TCB was the only company removing debris in the area. As the Court of Appeals observed, "it defies credibility to suggest Fore, the corporation, had no knowledge TCB was submitting invoices for work south of Highway 53." ***T.C.B.***, 2012 WL 2106368, at ¶ 7.

¶12. Nevertheless, the Court of Appeals rejected TCB's claim that punitive damages should have been submitted to the trier of fact. The court acknowledged that the question was "admittedly close," but found there was evidence to support that Fore did not act with any malicious intent. ***Id.*** at ¶58. The Court of Appeals characterized Fore's denial as "a

6

hard-line business position," but credited the circuit court's finding "some validity" in W.C. Fore's claim that he was unaware of TCB's work south of the highway. *Id.* Notably, the Court of Appeals' analysis focused only on maliciousness and did not address reckless disregard or intentional wrongs. *Pursue Energy*, 77 So. 3d at 101 (punitive damages may be warranted if the breach was a result of an intentional wrong, malicious conduct, or reckless disregard for the plaintiff's rights) (citing *Hamilton*, 834 So. 2d at 703)).

¶13. We agree with Chief Judge Lee's separate opinion, that Fore's claim of ignorance was "disingenuous and contradictory to the defense put on at trial." *T.C.B.*, 2012 WL 2106368, at ¶63 (Lee, C.J., concurring in part and dissenting in part). Fore claimed that, over several months, millions of dollars of invoices, multiple meetings, and an independent auditor overseeing the process, it was oblivious to the fact that TCB was working south of Highway 53. Even after Fore claimed it had become aware that TCB was working south of the highway, it allowed TCB to continue to work in that area, continued to submit invoices to the county for work performed by TCB, and continued to receive payments from the county, apparently feeling safe in the knowledge that the technical language of the contract did not obligate them to pay for TCB's work. Moreover, three months after Fore had stopped paying TCB, it wrote a letter to TCB stating that payments were delayed because there was a possible set-off for interest on delayed payments from the county. This position was entirely inconsistent with its defense at trial that TCB was due nothing because it was performing work outside the scope of the contract. TCB submitted invoices for several million dollars to Fore for the cleanup south of the highway. Fore in turn based its own invoices to the

7

county on TCB's. It is undisputed that Fore collected payment for all of the work performed by TCB, that, as a matter of law, the contract was modified to include all of the work performed by TCB, and that Fore blatantly breached its promise to compensate TCB.

¶14. We find that the evidence demonstrates a type of conduct for which punitive damages are designed. TCB provided sufficient proof that Fore acted in bad faith, with complete disregard for TCB's rights, seeking to reap the benefits of its contract while at the same time denying its obligations. Based on the evidence, a reasonable, hypothetical juror could find that Fore had breached the contract either maliciously, by an intentional wrong, or with reckless disregard for TCB's rights. We hold that the trial court erred by not submitting the issue of punitive damages to the jury, and this case is therefore remanded for trial on punitive damages and for consideration of attorneys' fees. *Warren*, 996 So. 2d at 739 (attorneys' fees justified when punitive damages awarded) (quoting *Smith v. Dorsey*, 599 So.2d 529, 550 (Miss.1992)).

## Conclusion

¶15. We agree with the Court of Appeals on the issue of compensatory damages, and affirm its decision rendering judgment in favor of TCB in the amount $6,634,436.69 and its remanding the case to the trial court to award prejudgment interest from the date of the breach. We disagree with the Court of Appeals' decision on the issue of punitive damages, and find that the evidence presented at trial was more than sufficient for the jury to have been permitted to decide whether TCB was entitled to punitive damages, and if so, in what amount. We therefore reverse the decision of the Court of Appeals regarding punitive

8

damages, but we do not disturb its holding that, as a matter of law, the contract was modified, that Fore breached this contract, and that TCB is entitled to compensatory damages in the amount $6,634,436.69, with prejudgment interest awarded from the date of the breach. Accordingly, the decision of the Court of Appeals is reversed in part and affirmed in part, and judgment is rendered in favor of TCB in the amount of the $6,634,436.69. The case is remanded to the Harrison County Circuit Court, First Judicial District, for a jury trial on punitive damages, for consideration of attorneys' fees, and for award of prejudgment interest from the date of the breach.

¶16. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS REVERSED IN PART, RENDERED IN PART, AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., NOT PARTICIPATING.**