COLEMAN, Justice,
concurring in part and dissenting in part:
¶ 59. The majority is absolutely correct when writing, “Absent a valid claim for compensatory damages, there can be no claim for punitive damages.” However, it does not follow that, because compensatory damages are a prerequisite for punitive damages, punitive damages are awarded *396 for a successful claim of a specific injury. In fact, semantically speaking, the fact that two separate terms — compensatory and punitive — exist would indicate that the former is to compensate for an injury and the latter is for, well, something else.
¶ 60. I agree with the result reached by Presiding Justice Dickinson, because the release allowed Nix to pursue claims only for injury resulting from mesothelioma. Punitive damages do not compensate for an injury; they punish ' conduct. T.C.B. Constr. Co., Inc. v. W.C. Fore Trucking, Inc., 134 So.3d 701, 704 (¶ 9) (Miss.2013). Moreover, Mississippi law disfavors them. Warren v. Derivaux, 996 So.2d 729, 738 (¶ 27) (Miss.2008). In order to reach a correct result on the issue, I believe we must go further than a simple declaration that you cannot have one without the other and examine the actual nature of each type of award in the light of the contractual terms of the release. As the release explicitly applies to all claims arising from Union Carbide’s conduct, other than a narrow exception for the injury of contracting mesothelioma, the awards of punitive damages and attorneys’ fees should be reversed and rendered.
DICKINSON, P.J., JOINS THIS OPINION.