MAXWELL, Justice,
specially concurring:
¶ 82. I agree Cook Timber’s breach-of-contract claim should have been submitted to the jury. So the trial court’s directed verdict on this claim must be reversed and this issue remanded. I also agree Cook Timber’s evidence was insufficient to support its antitrust claim. Thus, the jury’s verdict and damages awards also must be reversed. I write separately, however, to emphasize that punitive damages still may be recoverable on remand.
¶ 33. Ironically, there is — at a minimum — some' question whether punitive damages even are allowed in antitrust cases. Indeed, the statute mentions only a $500 penalty. See Miss.Code Ann. § 75-21-9 (Rev.2009).[22] And this eourt has not decided the issue.
¶ 34. But in contrast to an antitrust claim, it is crystal clear that a breach-of-contract action certainly carries the potential to recover punitive damages. T.C.B. Constr. Co. v. W.C. Fore Trucking, Inc., 134 So.3d 701, 704 (¶ 9) (Miss.2013) (discussing the evidentiary standard and procedure to recover punitive damages for a breach-of-contract claim). To recover punitive damages in its breach-of-contract action, Cook Timber “must prove that the breach was the result of an intentional wrong or that a [Georgia Pacific] acted maliciously or with reckless disregard of [Cook Timber’s] rights.” Id. (quoting Pursue Energy Corp. v. Abernathy, 77 So.3d 1094, 1101 (¶ 23) (Miss.2011)). As eight members of this court[23] emphasized in T.C.B., out-and-out maliciousness does not have to be proven to recover punitive damages — showing reckless disregard or an intentional wrong will suffice to send the question of punitive damages to the jury. Id. at 705 (¶ 11) (emphasis added). In that case, we found a contracting party’s duplicitous attempt to “to reap the benefits of its contract while at the same time denying its obligations” was enough to send the question of punitive damages to the jury. Id. at 705 (¶ 14).
¶ 35. Here, Cook Timber similarly has accused Georgia Pacific of trying to have *127 its .cake and eat it too, by exploiting a contract provision that allowed it to not pay for “defective” wood yet still keep it. So the trial judge on remand may conclude it is sufficient to support the jury’s consideration of punitive damages.
DICKINSON, P.J., JOINS THIS OPINION. RANDOLPH, P.J., JOINS THIS OPINION IN PART. .

. Under Section 75-21-9, ‘‘Any person, natural or artificial, injured or damaged by a trust and combine as herein defined, or by its effects direct or indirect, may recover all damages of every kind sustained by him or it and in addition a penalty of five hundred dollars ($500.00), by suit in any court of competent jurisdiction.” (Emphasis added.)

. Dickinson, P.J., not participating.